```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    EL DORADO DIVISION
```

WILLIAM R. HAYES AND MARIAN D. HAYES                          PLAINTIFFS

v.                          No. 1:11-cv-01002

KATHERINE LETT-MONTGOMERY,
MARY WILLIAMSON & WESTWOOD VILLAGE
COOOPERATIVE, INC.                                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs' Petition for Remand and Brief in Support (Docs. 6-7). Defendants did not file a reply. Plaintiffs correctly assert that Defendants failed to remove this case to federal court within the thirty days prescribed by 28 U.S.C. § 1446(b). This Court also finds, *sua sponte*, that removal was improper due to lack of complete diversity between the parties. For the reasons reflected herein, Plaintiffs' Petition for Remand (Doc. 6) is **GRANTED,** and the case is remanded to the Circuit Court of Columbia County, Arkansas. Accordingly, the Motion of Michael R. Lipscomb to Withdraw as Attorney for Separate Defendant Katherine Lett-Montgomery (Doc. 8) is **DENIED AS MOOT.**

### I. Background

Plaintiffs William R. and Marian D. Hayes of Arkansas filed a Complaint (Doc. 3) in the Circuit Court of Columbia County, Arkansas, on July 28, 2010, against Katherine Lett-Montgomery and Mary Williamson, both of California. The original Complaint

concerns the Defendants' management of a tract of real property, known as Westwood Village, that is adjacent to the Plaintiffs' 107-acre farm, located in Columbia County, Arkansas. The record reflects that Defendant Mary Williamson was served with the original Complaint on August 7, 2010. (Exh. A-1 and A-2, Doc. 6). An Answer (Doc. 4) was filed on behalf of both Defendant Williamson and Defendant Lett-Montgomery on September 15, 2010.

Plaintiffs amended their Complaint on or around October 15, 2010, adding Defendant Westwood Village Cooperative, Inc., as a party to the action. Plaintiffs allege that Westwood Village Cooperative, Inc., is an Arkansas non-profit corporation that, along with the other two individual Defendants, manages the property that is the subject of the lawsuit. (Doc. 5, ¶ 1). None of the Defendants answered the First Amended Complaint.

More than five months after the original Complaint was filed, all three Defendants filed a Notice of Removal (Doc. 1) on January 7, 2011, asserting federal subject matter jurisdiction based on complete diversity of the parties and the minimum amount in controversy required. In the Notice of Removal, Defendants admitted that Westwood Village Cooperative, Inc., "is a Corporation with its principal place of business in Arkansas." (Doc. 1, ¶ 5). But then Defendants stated that they "had no connection with this Corporation." *Id.*[1]

---

[1] The Court notes that Defendants Williamson and Lett-Montgomery apparently dispute that Defendant Westwood Village Cooperative, Inc., is a proper party to this litigation. Yet, the Notice of Removal was filed on behalf of all three Defendants by a single attorney, and at no time did Defendants make an affirmative allegation that Plaintiffs fraudulently joined Defendant Westwood Village Cooperative, Inc.

Plaintiffs petitioned for remand on January 12, 2011, pointing out that Defendants had exceeded the thirty-day period for removal as set forth in 28 U.S.C. § 1446(b).  This is the sole reason Plaintiffs asserted for remand.  Plaintiffs informed the Court in their Petition for Remand that Defendant Westwood Village Cooperative, Inc., had not been served and was not expected to be joined in these proceedings.  Despite this assertion by Plaintiffs, the record is clear that Defendant Westwood Village Cooperative, Inc., has not been dismissed from this case, remains a named party to this action, and was a party to the Notice of Removal.

## II. Discussion

### A. Thirty-Day Time Limitation on Removal

Federal courts must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand.  *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Plaintiffs assert that removal by all three Defendants on January 7, 2011, was not timely, since at least one Defendant, Ms. Williamson, was served with the original Complaint on August 7, 2010.[2]  Accordingly, the Notice of Removal should have been filed no later than September 7, 2010.  The removal statute at 28 U.S.C.

---

[2] Defendants claim they were served much later, on December 14, 2010 (Doc. 1, ¶ 5).  This date of service is at odds with Plaintiffs' proof of a return-receipt showing service of the original Complaint on Defendant Williamson on August 7, 2010. Moreover, Defendants Williamson and Lett-Montgomery, through their attorney, answered the original Complaint on September 15, 2010.

§ 1446(b) specifies that "[t]he petition for removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based . . ." (emphasis added).

The initial pleading in the case at bar is the original Complaint. The original Complaint properly stated a case for which removal to federal court was permissible, as complete diversity among the parties and a minimum amount in controversy for federal jurisdiction existed at the time the original Complaint was filed.

A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). In a case where the plaintiff's pleadings do not allege a federal question "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs, and [must involve] citizens of different states." 28 U.S.C. § 1332(a).

The original Complaint in the instant case meets the above requirements for diversity jurisdiction because the matter in controversy is claimed to be more than $75,000, and the Plaintiffs are citizens of Arkansas, while the named Defendants in the original Complaint, Williamson and Lett-Montgomery, are citizens of California.

Since the claim stated in the original Complaint was removable, the thirty-day time limit on removal began to run once the Defendants received "through service or otherwise" a copy of

the original Complaint. 28 U.S.C. § 1446(b). The Eighth Circuit in the recently decided case of *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 973 (8th Cir. 2011), found that "the event that triggers the running of this thirty-day deadline [for removal] depends upon whether 'the case stated by the initial pleading' is removable." *Id.*, *quoting* 28 U.S.C. § 1446(b).

This Court takes judicial notice that the removal clock started running as to Defendant Williamson on August 7, 2010. Though Plaintiffs contend that Defendant Williamson was formally served on that date, it is important to note that formal service of process is not necessary to starting the removal clock. As Judge Barnes observed in *Joiner v. Kaywal Transporation, Inc.*, 979 F.Supp. 1252, 1254 (W.D. Ark. 1997), the majority of federal courts focus on the plain language of the removal statute and require that the defendant receive only a copy of the pleading, no matter its method of receipt, to start the removal time. Moreover, it is clear that all defendants must join in a removal petition (*Wright v. Missouri Pac. R. Co.*, 98 F.2d 34 (8th Cir. 1938) (*citing Chicago, Rock Island & Pac. Railway Co. v. Martin*, 178 U.S. 245, 248 (1900)), and "if a defendant who was served or given a copy of the complaint fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent." *Joiner*, 979 F.Supp. at 1256, *citing Quick Erector Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351, 354 (E.D. Mo. 1981).

Since the time started running as to Defendant Williamson on August 7, 2010, the clock began running as to all Defendants on

that date. The other two Defendants cannot remove now, after the clock has run, even with Defendant Williamson's consent. Therefore, Defendants are past the time to remove, and on this basis, this case shall be remanded to state court.

**B.   Complete Diversity Among the Parties**

There is an additional basis for remand that was not argued by Plaintiffs in their Petition. The Court observes, *sua sponte*, that when Plaintiffs added Defendant Westwood Village Cooperative, Inc., to the First Amended Complaint, complete diversity between the parties was destroyed, leaving no basis for removal to federal court. Defendant Westwood Village Cooperative, Inc., is a citizen of Arkansas, and Plaintiffs are also citizens of Arkansas.

It makes no difference to this inquiry that Plaintiffs' counsel stated affirmatively in the Petition for Remand that Defendant Westwood Village Cooperative, Inc., was never served with the First Amended Complaint. Doc. 6, ¶ 7. The Eighth Circuit has determined that a court, when basing removal on diversity of citizenship, "must consider all named defendants, regardless of service." *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981). The rule is such because "allowing unserved defendants to be ignored for removal purposes would create needless jurisdictional problems." *Id.* at n.6. "In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." *Knudson*, 634 F.3d 968, 975, *quoting Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

When the Notice of Removal was filed in the case at bar, Defendant Westwood Village Cooperative, Inc., was both a named party to the action and a citizen of the same state as the Plaintiffs. Therefore, removal was improper due to a lack of complete diversity, and the case shall accordingly be remanded to state court on those grounds, in addition to the grounds set forth above in Part A of this Court's discussion.[3]

### III.   Conclusion

The Court finds that there are two legitimate bases for this case to be remanded to state court. First, Defendants are out of time to remove. Second, on the face of the First Amended Complaint, there is not complete diversity among the parties, and thus no federal subject matter jurisdiction. For these reasons, Plaintiff's Petition for Remand (Doc. 6) is hereby **GRANTED**. In light of the Court's decision to remand, the Motion of Michael R. Lipscomb to Withdraw as Attorney for Separate Defendant Katherine

---

[3] A court may permit removal if a plaintiff's joinder of a defendant was fraudulent. *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). This exception to the removal statute has not been asserted in this case; however, in an abundance of caution, the Court now addresses the issue of fraudulent joinder because Plaintiffs stated in their Petition for Remand that Defendant Westwood Village Cooperative, Inc., "is not expected to be joined in any way in these proceedings." (Doc. 6). Despite Plaintiffs' statement to the contrary, the fact is, Defendant Westwood Village Cooperative, Inc., has been joined in these proceedings by Plaintiff, has not been dismissed from this case by Plaintiffs, and has joined with Defendants Williamson and Lett-Montgomery in Defendants' Notice of Removal. Even if Plaintiffs were to voluntarily dismiss Defendant Westwood Village Cooperative, Inc., from this case in the future, or if Defendants were to allege fraudulent joinder in the future, this case would not become removable because the thirty-day time limit on removal has run. *See supra*, II. A.

Lett-Montgomery (Doc. 8) is **DENIED AS MOOT**. This case is remanded forthwith to the Circuit Court of Columbia County, Arkansas.

**IT IS SO ORDERED** this 27th day of April, 2011.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge